UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NATALE,<br><br>              Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No. CV 24-7782 FMO<br>Case No. CR 18-0611 FMO<br><br>**ORDER DISMISSING ACTION** |

I. <u>Background</u>.

On August 30, 2021, Joseph Natale ("petitioner") pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B), (b)(2). (<u>See</u> Dkt. 75, Judgment and Commitment Order at 1).[1] Petitioner was sentenced to 42 months in custody, a 25-year term of supervised release, restitution in the amount of $20,000, and a $100 special assessment. (<u>See</u> <u>id.</u> at 1 & 3).

Petitioner was arrested on November 15, 2023, for alleged violations of the terms and conditions of his supervised release. (<u>See</u> Dkt. 113, Petition filed on October 23, 2023 ("Violation Petition")); (Dkt. 117, Report Commencing Criminal Action). At petitioner's appearance on the

---

[1] Unless otherwise noted, all docket citations refer to the docket in <u>United States v. Joseph Natale</u>, Case No. CR 18-0611-FMO (C.D. Cal.).

1  supervised release violations, the magistrate judge ordered him detained, and directed counsel
2  to contact the undersigned's court clerk to set a supervised release revocation hearing. (See Dkt.
3  118, Minutes of Initial Appearance re: Revocation of Supervised Release).  At the request of
4  counsel, the court continued the preliminary revocation hearing three times. (See Dkts. 116, 125,
5  & 127).  On July 16, 2024, the court granted petitioner's Ex Parte Application for Order Relieving
6  the Federal Public Defender, (see Dkt. 128), and appointed an attorney from the CJA panel to
7  represent petitioner. (See Dkt. 129, Court's Order of July 16, 2024).

8        On September 6, 2024, petitioner, proceeding pro se, filed the instant Motion to Vacate
9  Indictment [pursuant to] 28 U.S.C. § 2255. (See Dkt. 130, "Motion"); (Joseph Natale v. United
10 States, Case No. CV 24-7782-FMO (C.D. Cal.), Dkt. 1). Petitioner raises six grounds for relief in
11 his Motion.  First, petitioner alleges that his court-mandated therapist frequently missed or
12 rescheduled appointments, which rendered his treatment "ineffective." (See Dkt. 130, Motion at
13 ¶ 1) (listing canceled/rescheduled dates). Second, petitioner claims that he suffered a severe
14 head trauma in June, 2023, after being struck in the head with a "5-10 pound barbell weight" by
15 another resident of the group home where petitioner was living at the time. (See id. at ¶ 2). Third,
16 petitioner alleges that his attorney refused to file a motion for bail review. (See id. at ¶ 3). Fourth,
17 petitioner asserts that his attorney pressured him to sign a plea deal "using threatening tones while
18 indicating that if [petitioner] refuses to accept the plea deal the prosecution will file a superseding
19 indictment[2] for Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(b)(1)." (See id. at
20 ¶ 4). Fifth, petitioner claims that his attorney "fabricated a portion of the [plea] deal[.]" (See id. at
21 ¶ 5).  Finally, petitioner contends that his attorney stated "[i]t is not my job to do anything you
22 request of me, it is my job to help you." (See id. at ¶ 6). Petitioner concludes by requesting that
23 the court grant his Motion because his attorney "has refused [petitioner's] requests . . . reasoning
24 [that petitioner can file] Pro Se[.]" (See id. at 4).

25       On October 24, 2024, a hearing was held on petitioner's alleged violations of supervised
26 release. (See Dkt. 132, Minutes of Revocation Hearing). At the outset of the hearing, the court

---

[2] As of the date of this filing, no new charges have been filed against petitioner.

referenced the instant Motion, confirmed with petitioner that the purpose of the Motion was to obtain new counsel, and asked if petitioner was prepared to proceed with the hearing. Petitioner conferred with his counsel, and stated he was prepared to proceed with the revocation hearing with his appointed attorney. Petitioner then admitted three of the four allegations in the Violation Petition. (See id.); (Dkt. 113, Violation Petition). The court revoked petitioner's term of supervised release, committed him to the custody of the Bureau of Prisons for 12 months and one day, placed him on a new term of supervised release for 24 years with additional conditions, and dismissed the fourth allegation. (See Dkt. 132, Minutes of Revocation Hearing); (Dkt. 133, Judgment and Commitment Order).

II.     Legal Standard.

Under 28 U.S.C. § 2255,[3] a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see United States v. Jackson, 21 F.4th 1205, 1212 (9th Cir. 2022); see also Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) ("A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement."). To obtain relief via a § 2255 motion, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593 (1982). In order for a claim to be cognizable under § 2255, a motion must allege "(1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, [or] (4) claims that the sentence is otherwise subject to collateral attack." United States v. Wilcox, 640 F.2d 970, 972 (9th Cir. 1981).

A court may summarily dismiss a § 2255 motion "if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently

---

[3] Unless otherwise indicated, all section references are to Title 28 of the United States Code.

frivolous." United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (internal quotation marks omitted); see also 28 U.S.C. § 2243 (A court need neither to grant the writ nor order a response if "it appears from the application that the . . . person detained is not entitled thereto."). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 "permits summary dismissal of claims that are clearly not cognizable. Dismissal on the basis of lack of cognizability is appropriate only where the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous or false. A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim, or when no claim for relief is stated. Rule 4's standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." Neiss v. Bludworth, 114 F.4th 1038, 1045 (9th Cir. 2024) (internal citations and quotation marks omitted).

III. Discussion.

Here, it appears from the face of petitioner's filing, and his statements at the October 24, 2024, revocation hearing, that petitioner is not challenging his conviction or sentence, or alleging that his constitutional rights were violated, or otherwise claiming to be entitled to the writ on any other basis provided for in 28 U.S.C. § 2255. See, e.g., Avalos v. United States, 2022 WL 2199936, *4-*5 (C.D. Cal. 2022) (denying petitioner's § 2255 motion where he stated no cognizable claim alleging "(1) a constitutional error; (2) that the district court lacked jurisdiction to impose the sentence; (3) that the sentence was imposed in excess of the statutory maximum; or (4) that the sentence is otherwise subject to collateral attack"). Rather, petitioner's filing appears to be a motion to substitute counsel in connection with his supervised release proceedings. (See, e.g., Dkt. 130, Motion at 4) (requesting that court grant the Motion because "CJA panel attorney has refused these requests of the [petitioner]"); (id. at ¶¶ 3-6) (outlining disagreements with counsel). But any motion to substitute counsel in connection with petitioner's term of supervised release should have been filed only in the underlying criminal case, not as a § 2255 motion. In

any event, petitioner's motion to substitute counsel is moot as petitioner, with his appointed counsel, proceeded with the October 24, 2024, revocation hearing. (See Dkt. 132, Minutes of Revocation Hearing).

In short, the court finds that petitioner's claims do not provide a basis for relief under 28 U.S.C. § 2255. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Maxwell v. United States, 2022 WL 17968837, *1 (C.D. Cal. 2022) (noting that a petitioner must allege a constitutional error, jurisdictional error, sentence above a statutory maximum, or that the sentence is subject to some other collateral attack); see also Withers, 638 F.3d at 1062-63 (A court may summarily dismiss a § 2255 motion "if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous.").

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT petitioner Joseph Natale's Motion to Vacate Indictment [pursuant to] 28 U.S.C. § 2255 **(Document No. 1)** is **denied**. The action is dismissed for lack of jurisdiction. Judgment shall be entered accordingly.

Dated this 31st day of January, 2025.

/s/
Fernando M. Olguin
United States District Judge